IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIV. A. NO. 25-00333-KD-N |
| FOLEY POLICE DEPARTMENT, *et al.*, | ) ) ) | |
| Defendants. | ) | |

### ORDER

This matter is before the Court on a handwritten letter filed by Plaintiff Draper Frank Woodyard, titled Motion to Intercede, received and docketed by the Court on December 1, 2025. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Plaintiff requests that the Court order the Baldwin County Jail to issue more indigent mailing kits for legal purposes or order the Baldwin County Jail to allow him use of his cell phone so he can file documents with the Court via email. For the reasons discussed below, Plaintiff's Motion to Intercede is **DENIED without prejudice**.

Read liberally, Plaintiff alleges he is being denied access to the courts due to the policy of the Baldwin County Jail to limit the distribution of mail kits to indigent inmates. He specifically alleges that the jail will give him "2 legal letters a week free. No matter the cost of postage as long as its only 2 letters a week." He broadly claims that this creates a hardship in filing new cases and complying with deadlines set by the Court in his pending cases. He further claims it creates a burden or hardship because it forces him to sale his "food for postage."

Focusing on an indigent inmate's right of access to the courts, the United States Supreme Court observed in *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), that "[i]t is indisputable that

indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." There are limitations, however, on the state's obligation to provide mailing materials for inmates. For example, "[t]he constitutional right to access the courts entitles indigent prisoners to some free stamps as noted in *Bounds* but not unlimited free postage . . . ." *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985) (per curiam) (holding that postage for two first-class letters a week was adequate to allow reasonable access to the court). Moreover, the state's obligation runs only to postage for legal mail, not non-legal mail. *Van Poyck v. Singletary*, 106 F.3d 1558, 1559 (11th Cir. 1997) (per curiam) (agreeing with the Eighth Circuit "that 'indigent inmates have no constitutional right to free postage for nonlegal mail'") (quoting *Hershberger v. Scaletta*, 33 F.3d 955, 956 (8th Cir. 1994)). This Court has determined that Woodyard is indigent and entitled to proceed without prepayment of fees in this action. The Court observes that Woodyard has succeeded in filing numerous pleadings and documents in this action and all other pending cases. He has not alleged to have missed a deadline due to lack of writing and mailing materials (and the Court is not aware of noncompliance by Woodyard due to lack of paper, envelopes, pens, or stamps), nor has this case or any other been hindered or harmed due to lack of writing and mailing supplies. Thus, there is nothing to suggest that his "access to the courts" has been impeded to date.

If Plaintiff's civil actions survive the mandatory review process under 28 U.S.C. §§ 1915(e)(2) and 1915A, and Woodyard believes he is being denied access to the courts or the denial of the mailing materials is causing him actual harm in a specific litigation, he may re-address this issue with the Court in that specific case.

**DONE** and **ORDERED** this the **6th** day of **March**, **2026**.

                                                     /s/ KATHERINE P. NELSON
                                                   **UNITED STATES MAGISTRATE JUDGE**